IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | | |
|---|---|---|
| WAYNE FRANKLIN, | ) | |
| | ) | |
| , | ) | |
| | ) | CIVIL ACTION NO. 17-20 |
| VS. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| | ) | |

## COMPLAINT

AND NOW, comes the plaintiff, Wayne Franklin, by and through his attorney, Gregory G. Paul, and files the following Complaint under the Family and Medical Leave Act and the Rehabilitation Act.

### Parties

1.      The plaintiff, Wayne Franklin, is an adult individual, residing in San Antonio, Texas in Bexar County where the Defendant hired him in October 2006.

2.      The Defendant, Union Pacific Railroad, Inc., hereinafter referred to as ("Union Pacific"), is an international transportation company offering a variety of rail, container-shipping, intermodal, trucking and contract logistics services and located at 1400 Douglas Street, Omaha, Nebraska 68179.

### Jurisdiction and Venue

3.      This is an action under the Family and Medical Leave Act of 1993, 29 U.S.C. section 2601 et seq. and Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 et seq.

1

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the Plaintiff resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343.

6. The Defendant is a covered employer within the meaning of the FMLA because, among other things, they employ the requisite number of employees during the relevant time period.

7. Mr. Franklin was entitled to the benefits and protections of the FMLA for his serious medical condition and the serious medical conditions of his family members because he worked at least 1,250 hours and was employed for over one year.

8. Defendant's termination of his employment, on or about January 16, 2015, due to the accrual of absences from work because of his serious health condition and the serious health conditions of his family members constitutes a denial and interference of FMLA benefits.

**Statement of Facts**

9. Mr. Franklin was employed as an engineer for Union Pacific, where he was hired in October 2006.

10. Mr. Franklin has suffered from a broken ankle requiring surgery and medications that adversely impacted his high blood pressure.

11. Mr. Franklin's wife developed medical conditions in the fall of 2014 requiring medical treatment for which Mr. Franklin's presence was required and for which he notified his immediate supervisor.

12. Mr. Franklin's son, C.F., suffers from attention deficit hyperactivity disorder and at relevant times required Mr. Franklin's presence for which he notified his immediate supervisor.

13. On August 12, 2014, Mr. Franklin fractured his ankle outside of the workplace.

14. He was prescribed medication to ameliorate the pain he suffered as a result of his injury. The medication caused erratic spikes in his blood pressure.

15. On or about October 8, 2014, Ms. Franklin returned home from work suffering from pain and illness related to her serious medication condition.

16. She was treated by her physician on October 9, 2014 and prescribed medication.

17. Mr. Franklin remained out of service to care for his wife through October 10, 2014.

18. Mr. Franklin returned to service on October 11, 2014.

19. On October 13, 2014, Ms. Franklin had an adverse reaction her medication and Mr. Franklin remained out of work to care for her though October 15, 2014.

20. On November 8, 2014, Mr. Franklin went on duty after his mandatory federal rest and began to feel extremely ill, suffering from a spike in his blood pressure.

21. He laid-off immediately and went to his doctor's office for treatment. His doctor adjusted his medication and Mr. Franklin was well enough to return to work on November 10, 2014.

22. On December 1, 2014, Mr. Franklin suffered another episode of high blood pressure requiring him to mark off sick.

23. Mr. Franklin remained laid-off sick to monitor and control his blood pressure until he returned to work on December 4, 2014.

24. On December 8, 2014, Mr. Franklin's son was sent home from school due to adverse effects from a medication prescribed for his attention deficit hyperactivity disorder. Mr. Franklin remained at home to care for his son until December 11, 2014.

25. During each of these absences, Mr. Franklin informed his supervisor, MOP Freddie Mayorga, that the above absences were for his own serious medical condition or the serious medical conditions of his immediate family and submitted requested documentation.

26. On or about August 24, 2014, Mr. Franklin submitted an FMLA certification form to Union Pacific.

27. Mr. Franklin was informed that he was not approved for FMLA but was approved for a Medical Leave of Absence (MLOA) initially from August 17, 2014 through September 17, 2014, and then extended through October 25, 2014.

28. On December 15, 2014, Mr. Franklin was pulled out of service by his new supervisor, MOP (Manager of Operating Practices) Tracy Meek, for attendance violations.

29. The attendance violation covered a ninety (90) day window during which Mr. Franklin accrued eighteen (18) absences. Fifteen (15) of those absences were due to his own serious medical condition or the serious medical conditions of his immediate family.

30. An investigative hearing was scheduled for December 22, 2014 and subsequently rescheduled for January 9, 2015.

31. At the investigation Mr. Franklin offered an explanation of benefits document that showed doctor's visits for the treatment of the medical conditions giving rise to his absences.

32. His supervisor, Tracy Meek, testified that he had no knowledge of Wayne Franklin's family medical issues because he was not Mr. Franklin's supervisor during the relevant time period.

33.     However, his former supervisor, Freddie Mayorga, testified that he and Mr. Franklin discussed ongoing medical issues related to his absences.

34.     On January 16, 2015, Mr. Franklin was notified of the termination of his employment with Union Pacific.

35.     Defendant's conduct in failing to provide notice of FMLA rights and/or medical certifications, and terminating Mr. Franklin's employment is a violation of the Family and Medical Leave Act insofar as Defendant denied benefits granted to Mr. Franklin by the FMLA as an employee with a serious health condition and a father and husband caring for family members with serious health conditions.

36.     Defendant's conduct in terminating Mr. Franklin's employment for absenteeism violates their own policy of not counting absences for FMLA-qualifying or disability-related reasons against an employee's total absences.

**Count I**
**FMLA:  Denial of Benefits/Interference**

37.     Mr. Franklin incorporates by reference all of the above allegations set forth in this Complaint.

38.     Mr. Franklin is an eligible employee under the Family and Medical Leave Act and he and members of his family had serious medical conditions as defined by the FMLA and implementing regulations. A serious health condition is defined as an illness, injury, impairment, or physical or mental condition that involves a period of incapacity requiring absence of more than three calendar days from work, school or other regular daily activities that also involves continuing treatment by a healthcare provide or any period of incapacity due to a chronic health conditions.

39. Defendant was aware of Mr. Franklin's serious health condition and the serious health conditions of his family members before and after his need for medical leave. An employee's notice of need for medical leave is to be provided as soon as practicable when not foreseeable, defined as at least verbal notice within one or two business days.

40. Defendant violated Mr. Franklin's rights under the FMLA and willfully interfered with, restrained and denied his exercise of rights by denying benefits as provided by the FMLA and regulations.

41. As a result of this conduct, Defendant has caused Mr. Franklin the loss of wages and other job benefits and out-of-pocket expenses.

## Count II
## Violation of the Rehabilitation Act: Disability Discrimination and Failure to Accommodate

42. Mr. Franklin incorporates by reference all of the above allegations set forth in this Complaint.

43. Mr. Franklin was at all relevant times capable of performing the essential functions of his train and engine position with or without accommodations including a medical leave of absence.

44. Mr. Franklin was denied medical leave based upon his ankle injury and surgery and/or complications related to medication and hypertension and terminated because he was disabled, regarded as disabled and/or had a record of disability within the meaning of the Rehabilitation Act, with or without reasonable accommodations.

45. As a result of this conduct, Defendant has caused Mr. Franklin the loss of wages and other job benefits and emotional and other harm including punitive damages.

## Count III
## Rehabilitation Act: Associational Discrimination

46. Mr. Franklin incorporates by reference all of the above allegations set forth in this Complaint.

47. The Rehabilitation Act, 29 U.S.C 794(d) incorporates the standards set forth in the Americans With Disabilities Act as follows:

> (d) Standards used in determining violation of section. The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

48. The Americans With Disabilities Act, 42 U.S.C. 12112(b)(4), prohibits associational discrimination based upon the disabilities of an employee's relatives such as Mr. Franklin's spouse and children.

49. At all relevant times, Mr. Franklin was qualified for his position because he performed it since 2006 and was approved for a Medical Leave of Absence (MLOA) by his employer, suffered an adverse employment action in the form of termination, provided knowledge to his immediate supervisor of his relatives and their respective statutory disabilities.

50. In addition to the denial of FMLA for himself and his family members, Defendant's actions in terminating Mr. Franklin and prematurely ending his family medical insurance coverage before his termination were casually related to his family members' disabilities and impact upon the expense of medical coverage, unfounded distraction from duties and association with approved medical absences.

**PRAYER FOR RELIEF (All Counts)**

WHEREFORE, Mr. Franklin demands: (1) judgment against Defendant in an amount to make him whole for all damages suffered by him as a result of Defendant's violation of the Family and Medical Leave Act and the Rehabilitation Act including, but not limited to, damages for back pay and benefits, front pay, compensatory, punitive and liquidated damages and all other damages recoverable under the above laws plus prejudgment and other interest; (2) that this Court enjoin Defendant from further violating the above laws; (3) that this Court order Defendant to reinstate Mr. Franklin to the position he held when Defendant unlawfully discharged him with all seniority and benefits he would have otherwise accrued had Defendant not violated the above laws; (4) that this Court award expert witness fees, attorneys' fees and the cost of bringing this action; and (5) that this Court grant this and all other relief that he is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

        Respectfully submitted,

        Morgan & Paul, PLLC

        /s/ Gregory G. Paul
        GREGORY G. PAUL
        TX ID Number: 24054974
        100 First Avenue, Suite 1010
        Pittsburgh, PA 15222
        (412) 259-8375 (telephone)
        (888) 822-9421 (facsimile)
        gregpaul@morgan-paul.com

Dated: January 12, 2017